IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VICKI PORTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-477-MEF |
| | ) | |
| MONTGOMERY COUNTY BOARD OF EDUCATION, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 9, 2013, Plaintiff, proceeding *pro se*, filed this complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, naming as defendants the Montgomery County Board of Education ("MCBOE"), and Barbara Thompson, Superintendent for the MCBOE, Erika P. Tatum, attorney for the MCBOE, and James Seale, attorney for the MCBOE, in their individual and official capacities. On July 11, 2013, the District Judge entered an Order (Doc. 3) referring this matter to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate."

Upon an initial review of the Complaint, the court was concerned over the claims and named defendants in this matter. The court also required further information necessary to determine Plaintiff's ability to pay the required filing fee. Accordingly, on July 18, 2013, the undersigned issued an Order (Doc. 4) directing Plaintiff to file an

1

amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure and to complete a long form application to proceed *in forma pauperis*. *See* Order (Doc. 4). The court's order clearly stated: "***Plaintiff is advised that her failure to file an amended complaint as ordered, or to otherwise abide by this or any other order of the court, may result in the undersigned's recommendation that this matter be dismissed for failure to state a claim on which relief may be granted.***" *Id.* at 5 (emphasis in original).

The time allotted Plaintiff for filing an amended complaint and filing a long form application to proceed *in forma pauperis* expired on August 8, 2013. As of the present date, Plaintiff has failed to abide by, or even file a response to, the court's order. Additionally, Plaintiff has failed to pay the required filing fee. In the absence of an order allowing her to proceed *in forma pauperis*, Plaintiff must pay the civil action filing fee. *See* 28 U.S.C. §§ 1914, 1915. In view of Plaintiff's failure to respond to the court's order, her failure to satisfy her obligations under the Federal Rules of Civil Procedure, and her failure to pay the required filing fee, it appears that Plaintiff has abandoned her claims. Thus, the court concludes that Plaintiff's failure to pay the filing fee, her failure to comply with the orders of this court, and her failure to properly prosecute this cause of action warrant dismissal of this case. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *see also Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing to Rule

41(b) of the Federal Rules of Civil Procedure and holding that "[t]he [district] court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.").

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to pay the filing fee, her failure to comply with the orders of the court, and her failure to properly prosecute this cause of action.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before September 3, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

3

Done this 20th day of August, 2013.

                                             /s/ Wallace Capel, Jr.
                                             WALLACE CAPEL, JR.
                                             UNITED STATES MAGISTRATE JUDGE